# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

### WESTERN DIVISION

| | |
|---|---|
| **KELVIN FOUNTAIN** | CIVIL ACTION NO. 5:16-cv-00079-KS-MTP |
| **Plaintiff,** | JUDGE: HONORABLE KEITH STARRETT |
| **VERSUS** | ASSIGNED TO MAGISTRATE JUDGE: MICHAEL T. PARKER |
| **BIG RIVER LUMBER COMPANY LLC, ANDREW MAGRUDER HAZLIP, and EDWARD ALEX KIRKLAND** | |
| **Defendants** | |

## MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION FOR PARTIAL DISMISSAL FOR FAILURE TO STATE A CLAIM FOR RELIEF

Respectfully submitted,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**
Thomas R. Peak, Pro Hac Vice, LBRN 14300
M. Lenore Feeney, Pro Hac Vice, LBRN 18596
John Ashley Moore, Pro Hac Vice, LBRN 09635
Lauren K. Rivera, Pro Hac Vice, LBRN 36648
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA  70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  tom.peak@taylorporter.com
Email:  lenore.feeney@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  lauren.rivera@taylorporter.com

**WILKERSON & CRAWFORD, L.L.P.**
David N. Wilkerson, MBRN 99163215430.
David S. Crawford, MBRN 7807
128 Royal Oak Street
P.O. Box 1017
Woodville, MS  39669
Telephone:  (601) 888-3102
Facsimile:  (601) 888-3104
Email:  wcalaw@bellsouth.net

**ATTORNEYS FOR DEFENDANTS, BIG RIVER LUMBER COMPANY LLC, MAGRUDER HAZLIP, AND ALEX KIRKLAND**

1642116v.1

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... iii

I.    PROCEDURAL BACKGROUND ..................................................................................1

II.    STANDARD OF REVIEW APPLICABLE TO FED. R. CIV. P. 12(B)(6) MOTIONS ........................................................................................................................3

III.    LAW AND ARGUMENT ...............................................................................................4

        A.    As a matter of law, non-pecuniary damages are not recoverable under the FLSA. ...................................................................................................4

        B.    As a matter of law, Plaintiff cannot state a claim for any alleged failure on the part of Big River to adequately maintain its employment records. ................................................................................................5

        C.    The Plaintiff has no set of facts which would support an assertion of individual liability against members of Big River Lumber, LLC ............................6

        D.    The Plaintiff's fraud claim is preempted by the FLSA and should accordingly be dismissed ........................................................................................8

IV.    CONCLUSION ...............................................................................................................10

CERTIFICATE OF MAILING ..................................................................................................12

# **TABLE OF AUTHORITIES**

PAGE

**Cases**

*Anderson v. Sara Lee Corp.*,
   508 F.3d 181, 192-95 (4th Cir. 2007) ............................................................................... 8

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937, 1949 (2009) ........................................................................................... 3, 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 550 (2007) .................................................................................................. 3

*Botello v. COI Telecom*, LLC,
   2010 WL 3784202, at *4 (W.D. Tex. 2010) .................................................................. 8, 9

*Cirillo v. Central Mississippi Radiology, LLC*,
   2013 WL 3147678, n* 2 (N.D. Miss. 2013) ..................................................................... 7

*Coberly v. Health*,
   490 Fed. App'x 643 (5th Cir. 2012) ................................................................................... 9

*Conley v. Gibson*,
   355 U.S. 41, 47 (1957) ...................................................................................................... 3

*Hishon v. King & Spalding*,
   467 U.S. 69, 73 (1984) ...................................................................................................... 4

*Johnson & Higgins of Mississippi, Inc., v. Commissioner of Insurance*,
   321 So.2d 281, 284 (Miss. 1975) ...................................................................................... 7

*N. Am. Plastics, Inc. v. Inland Shoe Mfg. Co., Inc.*,
   592 F. Supp. 875, 879 (N.D. Miss. 1984) ......................................................................... 7

*Papasan v. Allain*,
   478 U.S. 256, 286 (1986) .................................................................................................. 3

*Restaurant of Hattiesburg, LLC v. Hotel and Restaurant Supply, Inc.*,
   84 So.3d 32, 39 (Miss. App. 2012) ................................................................................... 7

*Roman v. Maietta Constr., Inc.,*
   147 F.3d 71, 76 (1st Cir. 1998) ......................................................................................... 9

**Acts and Statutes**

29 U.S.C. § 201 et seq. .................................................................................................. 2, 3

29 U.S.C. § 204(a) ............................................................................................................ 6

29 U.S.C. § 206 ................................................................................................................. 4

29 U.S.C. § 207 ............................................................................................................. 1, 4

29 U.S.C. § 211 ................................................................................................................. 6

29 U.S.C. § 215(a)(3) ........................................................................................................ 4

29 U.S.C. § 216(b) ......................................................................................................... 4, 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1

Fed. R. Civ. P. 8(a)(2) ....................................................................................................... 3

**Codes**

Miss. Code. Ann. § 79-29-311 (1972), *as amended* ............................................... 6, 7, 10

**MAY IT PLEASE THE COURT**:

Defendants, Big River Lumber Company, LLC, Andrew McGruder Hazlip, and Edward Alex Kirkland, individually and as agents of Big River Lumber Company, L.L.C. (collectively referred to as "Big River" or "Defendants"), respectfully submit this Memorandum in Support of its Fed. R. Civ. P. 12(b)(6) Motion for Partial Dismissal of Claims, specifically claims brought against them for Big River's purportedly inadequate recordkeeping of its employees, the claims brought against Hazlip and Kirkland in their individual capacities as members of the limited liability company, and all assertions of common law fraud or intentional misrepresentation, as all such claims are preempted by the FLSA.

## I.   PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit on May 31, 2016, asserting claims against his former employer, Big River Lumber Company, L.L.C., pursuant to the FLSA. Plaintiff alleges that he "[r]outinely worked more than forty (40) hours per week," and Big River "did not compensate Fountain for the hours worked in excess of forty (40) hours per week."[1] *See* Complaint, ¶ 19. Specifically, between January 31, 2007 and his termination on July 17, 2015, Plaintiff vaguely asserts that the Defendants failed to pay him for time worked in excess of forty hours per week. As for the relief, Plaintiff requests all of the following:

   a.   Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendants' unlawful conduct.

---

[1] 29 U.S.C. § 207 provides that "No employer shall employer any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a trate not less than one and one-half times the regular rate at which he is employed."

      b.      Compensatory damages against Defendants in an amount to be determined by the jury;

      c.      All costs, disbursement, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to 29 U.S.C. § 201 et seq.

      d.      Grant a permanent injunction enjoining the Defendants and Defendant Big River Lumber Company LLC, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them …. From denying overtime benefits in violation of the Fair Labor Standards Act.

      e.      Order Defendants to make whole Kelvin Fountain by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of including, but not limited to, emotional pain, suffering, inconveniences, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

      f.      Order Defendants to pay Kelvin Fountain punitive damages for their malicious and reckless conduct described above in amounts to be determined at trial.

      g.      Grant such further relief as the Court deems necessary and proper in the public interest.

In Paragraphs 21, 30, and 31 of the Complaint, Plaintiff additionally contends that Defendants "[f]ailed to maintain accurate records of Fountain's time and engaged in a scheme to avoid compensating Fountain for his overtime earned." *See* Complaint, ¶ 21, 30, and 31. Plaintiff seeks damages based on the alleged failure to keep adequate employment records to "[r]eflect the hours worked by Plaintiff and its other employees," and asserts that the Defendants failure to maintain such records was "[i]n violation of the FLSA." *See* Complaint, ¶¶ 30-31. Furthermore, both Kirkland and Hazlip are named in their individually capacity in the suit without ever listing a single action for which either member may be held personally liable. Perhaps more importantly, on its face the Complaint fails to allege even a single instance in which either defendant acted individually with respect to Mr. Fountain. Finally, the Complaint maintains that Defendants "[r]epresented to Plaintiff that he was a daily employee as opposed to an hourly employee and was not entitled to overtime pay," and did so "[w]ith the intent to defraud and

deceive Plaintiff with respect to the overtime benefits that he was entitled and with the intent to induce Plaintiff to not make any claim for such benefits." *See* Complaint ¶ 33. In so doing, the Plaintiff fails to recognize that the FLSA provides the exclusive remedy for violation of its mandates and preempts any state law claims of fraud or intentional misrepresentation.

Accordingly, the Complaint fails to allege sufficient facts, which taken as true, establish a plausible claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. ("FLSA"). As such, the Defendants' Motion should be granted and all such claims should be dismissed in their entirety.

## II.     STANDARD OF REVIEW APPLICABLE TO FED. R. CIV. P. 12(B)(6) MOTIONS

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Although this plausibility standard is not a "probability requirement," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Ultimately, the pleading standard Rule 8 announces does not require detailed factual allegations; however, a plaintiff's obligation to provide the grounds of his entitlement to relief require more than mere labels and conclusions. As the Supreme Court has repeatedly stated, "A formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citing *Papasan v. Allain*, 478 U.S. 256, 286 (1986).

When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Viewed in this manner, the factual allegations of the complaint, "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (internal citations omitted). Where a plaintiff pleads facts that are "merely consistent with" liability, the plaintiff "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949. Stated differently, the pleading standard of Rule 8 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*.

III. **LAW AND ARGUMENT**

    A. **As a matter of law, non-pecuniary damages are not recoverable under the FLSA.**

The FLSA requires, with certain exceptions, that employers pay their employees a minimum wage as set by the federal government. 29 U.S.C. § 206. The FLSA for the most part requires employers pay employees time-and-a-half for hours worked over forty hours in one week. 29 U.S.C. § 207. The FLSA also prevents retaliation against an employee for making an FLSA claim. 29 U.S.C. § 215(a)(3). Section 216(b) of the FLSA, the employee remedy provision, provides:

> Any employer who violates the provisions of Section 206 [minimum wage] or Section 207 [overtime pay] of this title *shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation*, as the case may be, and *an additional equal amount as liquidated damages*. Any employer who violates the provisions of Section 215(a)(3) [anti-retaliation] of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.[2]

---

[2] 29 U.S.C. § 216(b) (emphasis added).

4

In the Complaint, Plaintiff does not allege he was not paid at least the federal minimum wage requirement, nor does Plaintiff allege he was retaliated against. Rather, Plaintiff contends he was not paid overtime in accordance with the FLSA. In his prayer for relief, Plaintiffs seeks theoretically permissible damages for violations of the FLSA such as unpaid overtime compensation; however, he also seeks an undisclosed amount for "[e]motional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in the amount to be determined at trial." *See* Complaint, Prayer for Relief ¶ 6. As is evidenced by the clear damages provision quoted above, the FLSA simply does not provide for such remedies. The Plaintiff's allegations, to the extent they seek recovery for any emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation as a result of a judgment in his favor, fail to state a claim upon which relief may be granted under the FLSA and thus, this Court should dismiss the allegations so requesting.

**B.   As a matter of law, Plaintiff cannot state a claim for any alleged failure on the part of Big River to adequately maintain its employment records.**

Likewise, the Plaintiff's allegations related to the Defendants' allegedly defective recordkeeping are not redressable under the FLSA, as this claim is not available to an employee. An employer's responsibility to maintain records on its employees is governed by § 211(c) of the FLSA, which provides, in pertinent part, that:

> [e]very employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserver such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

5

Section 211(c) delineates the records an employer must keep. Section 211(a) provides that *the Administrator*[3] may inspect an employer's records and bring claims for equitable relief to restrain any FLSA violations that are discovered. 29 U.S.C. § 211(a).[4] However, § 216(b), which grants *employees* a private right of action to redress FLSA violations, does not extend that right to violations of § 211(c)'s recordkeeping requirements. Any purported violation of § 211(c), to the extent it exists, must be addressed by the Administrator pursuant to § 211(a). Because there is no civil damage remedy provided to employees under the FLSA for improper recordkeeping under § 211(c), the Plaintiff herein is not permitted to pursue an independent claim based upon any failure of the Defendants to properly maintain its employee records.

In sum, the Plaintiff has failed to state a claim upon which relief may be granted relating to the Defendants' alleged defective employee recordkeeping. Accordingly, each reference made thereto in the Plaintiff's Complaint should be dismissed with prejudice.

### C.   The Plaintiff has no set of facts which would support an assertion of individual liability against members of Big River Lumber, LLC

Pursuant to Miss. Code. Ann. § 79-29-311(1), as amended in 1972, "[n]o member, manager, or officer of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member, or acting as an officer of the limited liability company." In the case at bar, Andrew McGruder Hazlip and Edward Alex Kirkland are both members of Big River Lumber Company, L.L.C. and, consequently, not personally liable for the acts or debts of Big River. The proper party to

---

[3] The term "Administrator" refers to the Administrator of the Wage and Hour Division of the United States Department of Labor. See 29 U.S.C. § 204(a).

[4] 29 U.S.C. § 211(a) "…. the Administrator shall bring all actions under section 217 of this title to restrain violations of this chapter."

this proceeding, if at all, is Big River Lumber Company, L.L.C. Therefore, Plaintiff's claims against Hazlip and Kirkland, individually, should be dismissed with prejudice.

Essentially, the Plaintiff herein seeks to pierce the corporate veil, yet offers no factual assertions which controvert the clear language of Section 79-29-311(2) Miss. Code. Ann. (1972), *as amended*, which provides that a member, manager, or officer of a limited liability company is not a proper party to a proceeding by or against a limited liability company simply by reason of being a member, manager or officer except where the object of the proceeding is to enforce that person's right against or liability to the limited liability company, or in a derivative action. Miss. Code. Ann. § 79-29-311(2)(1972), as amended.

Mississippi has a "[s]trong public policy favoring maintaining corporate entities and avoiding attempts to pierce the corporate veil, and … this policy extends to maintain [limited liability companies] as well." *Restaurant of Hattiesburg, LLC v. Hotel and Restaurant Supply, Inc.,* 84 So.3d 32, 39 (Miss. App. 2012). Mississippi follows the general rule of law that the distinct corporate identity will be maintained unless to do so would subvert the ends of justice. *Johnson & Higgins of Mississippi, Inc., v. Commissioner of Insurance*, 321 So.2d 281, 284 (Miss. 1975). Federal courts throughout this State have consistently recognized this public policy and have likewise made clear that piercing the corporate veil is "[r]eserved for factual circumstances which are exceptional, or where to do otherwise would subvert the ends of justice*." See, e.g., Cirillo v. Central Mississippi Radiology, LLC*, 2013 WL 3147678, n* 2 (N.D. Miss. 2013); *see also N. Am. Plastics, Inc. v. Inland Shoe Mfg. Co., Inc*., 592 F. Supp. 875, 879 (N.D. Miss. 1984).

To pierce a corporate veil, there must be some abuse of the corporate form itself. *Restaurant of Hattiesburg, L.L.C.,* 84 So.3d at 43. Nothing in the Plaintiff's Complaint implies

that Big River Lumber Company is somehow not a valid entity, separate and apart from the individual defendants. In fact, Plaintiff fails to plead a single instance in which the two individuals named acted or interacted personally with the Plaintiff. Rather than setting forth particularized facts, the Plaintiff instead groups the two individuals in each and every complaint brought against the limited liability company in an attempt to pierce the corporate veil without ever demonstrating the alleged wrongdoing of its individual members.

To allow the Plaintiff to recover against Hazlip and Kirkland under these circumstances would completely undermine the laws that create and govern limited liability companies. At all times, both individuals were acting within the course and scope of their employment and neither individual is a proper party to this suit. Accordingly, the Plaintiff's claims against Andrew McGruder Hazlip and Edward Alex Kirkland, individually, should be dismissed with prejudice.

### D. The Plaintiff's fraud claim is preempted by the FLSA and should accordingly be dismissed

The Plaintiff's Complaint alleges that "Defendants represented to Plaintiff that he was a daily employee as opposed to an hourly employee and was not entitled to overtime pay and at the time that Defendants made these representations, [sic] Defendants knew them to be false, and these representations were made by Defendants with the intent to defraud and deceive Plaintiff with respect to the overtime benefits that he was entitled and with the intent to induce plaintiff to not make any claim for such benefits." *See* Complaint, ¶ 33. Such a claim is duplicative of the Plaintiff's FLSA claim such that it is preempted by the federal act. *Botello v. COI Telecom*, LLC, 2010 WL 3784202, at *4 (W.D. Tex. 2010) (citing *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192-95 (4th Cir. 2007) (holding that FLSA-based contract, negligence and fraud claims were preempted under the FLSA because the state law claims were an obstacle to the accomplishment of the full purposes and objectives of Congress in the FLSA)).

8

1642116v.1

Courts within this circuit and other circuits that have addressed the issue have concluded that state law claims are preempted by the FLSA to the extent the plaintiff seeks damages for unpaid minimum wages or unpaid overtime compensation." *Coberly v. Health*, 490 Fed. App'x 643 (5th Cir. 2012) (citing *Anderson*, 508 F.3d at 192-95; *Roman v. Maietta Constr., Inc.,* 147 F.3d 71, 76 (1st Cir. 1998) (finding that a plaintiff cannot circumvent the exclusive remedy for enforcement of rights created under the FLSA and prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim)).

In *Botello*, the court held that the FLSA preempted the plaintiff's state law claims of unjust enrichment, deceptive trade practices, negligent misrepresentation, promissory estoppel and fraud, reasoning that the state law claims were predicated on the employer's alleged violation of the FLSA, which provides the exclusive remedy for violations of its mandate to pay overtime compensation and preempts the plaintiff's state law based FLSA claims. 2010 WL 3784202, at *1, 4.

Here, the Plaintiff's fraud claim is based on purported statements made to him by an unnamed and unidentified employee of Big River allegedly implying that Plaintiff was a daily employee and accordingly not entitled to overtime pay. Furthermore, Plaintiff asserts that Defendants knew this statement to be false at the time it was made with the intent of defrauding and deceiving him with respect to the overtime benefits to which he was entitled. *See* Complaint, ¶ 33. As one can see, Plaintiff's fraud claims are predicated on and intertwined with his claim that Defendants allegedly violated the FLSA by failing to pay him overtime. For example, to establish his claim of fraud, Plaintiff will be required to establish that the unidentified representative of Big River's statement – that he was not entitled to overtime pay – was false, or stated another way, that he was entitled to overtime pay. Further, the allegations that Defendants

9

intended to defraud the Plaintiff with respect to the overtime benefits to which he was allegedly entitled indicates that the Plaintiff is seeking damages in the amount of overtime allegedly withheld from him. Thus, Plaintiff's fraud claim is duplicative of his FLSA claim and is preempted by the federal statute. Accordingly, the Plaintiff's fraud claim fails as a matter of law and should be dismissed.

## IV.    CONCLUSION

Defendants respectfully request that this Court dismiss the Plaintiff's FLSA claim against the Defendants seeking recovery for any emotional pain, suffering, inconvenience, loss of enjoyment of life, or humiliation allegedly suffered as a result of his termination, as well as the Plaintiff's FLSA claim against the Defendants based on their alleged "failure to maintain employee records," as both fail to state a claim upon which relief may be granted. Defendants further request that all claims brought against Andrew McGruder Hazlip and Edward Alex Kirkland in their individual capacities should be dismissed with prejudice as they are not personally liable for the acts or debts of the limited liability membership in accordance with Section 79-29-311 of the Mississippi Code Annotated. Finally, Plaintiff's fraud claim is preempted by the FLSA and should be dismissed as a matter of law.

**WHEREFORE**, Defendants respectfully assert that Plaintiff, Kelvin Fountain, is unable to state a claim for relief arising under any of the above causes of action. His inability to do so is plain on the face of the pleadings. Therefore, Defendants respectfully move this Honorable Court to dismiss the claims against them with prejudice at the Plaintiff's costs.

       Respectfully submitted,

       **TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**


       By:   <u>*s/Lauren K. Rivera*</u>
              Thomas R. Peak, *Pro Hac Vice*, LBRN 14300
              M. Lenore Feeney, *Pro Hac Vice*, LBRN 18596
              John Ashley Moore, *Pro Hac Vice*, LBRN 09635
              Lauren K. Rivera, *Pro Hac Vice*, LBRN 36648
              450 Laurel Street, 8th floor (70801)
              P.O. Box 2471
              Baton Rouge, LA  70821
              Telephone:  (225) 387-3221
              Facsimile:  (225) 346-8049
              Email:  <u>tom.peak@taylorporter.com</u>
              Email:  <u>lenore.feeney@taylorporter.com</u>
              Email:  <u>ashley.moore@taylorporter.com</u>
              Email:  <u>lauren.rivera@taylorporter.com</u>


       **WILKERSON & CRAWFORD, L.L.P.**

       David N. Wilkerson, MBRN 99163215430.
       David S. Crawford, MBRN 7807
       128 Royal Oak Street
       P.O. Box 1017
       Woodville, MS  39669
       Telephone:  (601) 888-3102
       Facsimile:  (601) 888-3104
       Email:  <u>wcalaw@bellsouth.net</u>

       ***Attorneys for Defendants, Big River Lumber Company LLC, Magruder Hazlip, and Alex Kirkland***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of filing will be sent by operation of the Court's electronic filing system to all counsel of record.

Baton Rouge, Louisiana, this 4th day of August, 2017.

*s/Lauren K. Rivera*
Lauren K. Rivera