**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**KELVIN FOUNTAIN**                                                                                          **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:16-CV-79-KS-MTP**

**BIG RIVER LUMBER COMPANY
LLC, et al.**                                                                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Motion to Dismiss for Failure to State a Claim for Relief [29]. For the reasons below, the Court grants in part the motion.

### I. BACKGROUND

Plaintiff is a former employee of Big River Lumber Company, LLC ("Big River"). He alleges that he "routinely worked more than forty (40) hours per week and defendants did not compensate [him] for the hours worked in excess for forty (40) hours per week." (Compl. ¶ 19). He further alleges that "Defendants failed to maintain accurate records of Fountain's time and engaged in a scheme to avoid compensating Fountain's overtime earned." (*Id.* ¶ 21). He further alleges that "Defendants represented to Plaintiff that he was a daily employee as opposed to an hourly employee and was not entitled to overtime pay," that Defendants knew these statements to be false, and that they intended to induce Plaintiff not to make a claim for benefits. (*Id.* ¶ 33). Plaintiff has alleged race discrimination under Title VII and 42 U.S.C. § 1981, overtime and recordkeeping violations under the FLSA, fraud, negligent and/or intentional infliction of mental distress, and common law harrassments. He filed suit against Big River and two of its managers, Andrew McGruder Hazlip and Edward Alex Kirkland. Defendants now move to dismiss the claims

1

related to inadequate recordkeeping, the claims against Hazlip and Kirkland in their individual capacities, and the claim for fraud.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. ANALYSIS

**A.     Damages under the FLSA**

In his Complaint [1], Plaintiff requested "non-pecuniary losses" including compensation for "emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and other non-pecuniary losses." (Compl. Prayer for Relief, ¶ 6). Defendants argue that this claim must be dismissed because the FLSA does not allow for such relief for an overtime violation. 29 U.S.C. § 216(b) (2012) (permitting an employee to recovery "unpaid overtime compensation . . . and an additional equal amount as liquidated damages" for overtime compensation violations). In his

Response, Plaintiff argues that he seeks only permitted damages under the FSLA and that the non-pecuniary damages claimed were related to other causes of action he asserted, such as Title VII, 42 U.S.C. § 1981, fraud, and infliction of emotional distress. In their Rebuttal, Defendants made no response to this argument.[1] As Defendants have failed to respond to Plaintiff's arguments, the Court finds that such portion of the motion should be **denied**.

**B.     FLSA Record Maintenance**

Section 211(c) of the FLSA requires that an employer keep accurate time records for its employees.  29 U.S.C § 211(c) (2012). Section 211(a) provides that the Administrator of the Wage and Hour Division of the U.S. Department of Labor may bring claims for equitable relief to restrain any FLSA violations that are discovered. *Id.* § 211(a); *see id.* § 204(a) (defining "Administrator"). However, § 216(b), which grants employees a private right of action to redress FLSA violations, does not extend that right to violations of § 211(c)'s recordkeeping requirements. Plaintiff does not appear to dispute this.  Therefore, to the extent that Defendants' Motion requests that the Court dismiss any claim under FLSA's recordkeeping requirement, it is **granted**.

However, Defendants' motion goes further and argues that "each *reference* made [to Defendants' alleged defective employee recordkeeping] in Plaintiff's Complaint should be dismissed with prejudice." (Mem. Supp. Rule 12(b)(6) Mot. Partial Dismissal [30], 6) (emphasis added). The Court construes this to be a motion to strike under Rule 12(f) of the Federal Rules of

---

[1] Instead, they assert for the first time that Plaintiff has failed to state a claim for uncompensated overtime.  Defendants urge the Court to dismiss Plaintiff's claim for his failure to submit "supporting witness affidavits or documentation" for his FLSA overtime claim. (Rebuttal Mem. Supp. Defs.' Mot. Dismiss [36], 2). The Court need not address arguments raised for the first time in a rebuttal and unrelated to those raised in Defendants' Motion and supporting memorandum brief. *Clinton v. Johnson*, No. 5:12-cv-84-DCB-RHW, 2013 WL 870361, at *5 n.3 (S.D. Miss. Mar. 7, 2013). Furthermore, Defendants cite no authority to support their argument that Plaintiff's allegations are insufficient as a matter of law, and several district courts in this circuit have found similar allegations sufficient. *Daniels v. City of Jackson, Miss.*, No. 3:14-cv-279-DPJ-FKB, 2014 WL 4546020, at *2 (S.D. Miss. Sept. 11, 2014); *Haymon v. City of Jackson, Miss.*, No. 3:12-cv-325-DPJ-FKB, 2012 WL 6626645, at *2 (S.D. Miss. Dec. 19, 2012); *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009).

Civil Procedure. Under such rule, the Court may strike "any redundant, immaterial, impertinent, or scandalous matter."

The Court declines to do so, finding that the allegations that Defendants violated the recordkeeping requirement under § 211(c) material. When a plaintiff makes such allegations, "[i]t alters the Plaintiff['s] burden and should alter the pleading requirements [because] the United States Supreme Court [has] held that when an employer's wage and hour records are unreliable, an employee claiming FLSA violations meets the required burden of proof by showing 'there is a basis for a reasonable inference as to the extent of the damages.'" *Daniels v. City of Jackson, Miss.*, No. 3:14-cv-279-DPJ-FKB, 2014 WL 4546020, at *3 n.2 (S.D. Miss. Sept. 11, 2014) (quoting *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 688 (1946), *superseded by statute on other grounds*, Portal-to-Portal Act of 1947, Pub. L. No. 80-49); *Kirk v. Invesco, Ltd.*, No. H-15-833, 2016 WL 4394336, at *3-4 (S.D. Tex. Aug. 18, 2016) (setting out the burdens of proof under the *Anderson* framework). Thus, to the extent that Defendants request that the Court strike all allegations that Defendants violated the FLSA in failing to keep accurate records, it is **denied**.

## C.     Individual Liability of Hazlip and Kirkland

Defendants argue that they are shielded from liability by Miss. Code Ann. § 79-29-311(1) and are therefore not proper parties to this lawsuit. The statute provides: "No member, manager, or officer of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member, or acting as an officer of the limited liability company." Miss. Code Ann. § 79-29-311(1).[2] Defendants argue that

---

[2] The statute provides a few exceptions, including that a member may agree to be personally liable for the debts of the LLC. Miss. Code Ann. § 79-29-311(3). Plaintiff argues that this exception means that being a member or employee of an LLC "does not automatically relieve the individual defendants of liability." (Pl.'s Resp. & Memo. Opposing Defs.' 12(b)(6) Mot. Dismiss [35], 5). As there are no allegations that Hazlip or Kirkland have made any such agreement, this argument is without merit.

4

Plaintiff is attempting to pierce the corporate veil and that Plaintiff has not alleged sufficient facts to support such piercing.

To pierce the corporate veil, a plaintiff must show: "(1) some frustration of contractual expectations, (2) flagrant disregard of LLC formalities by the LLC members, and (3) fraud or misfeasance by the LLC member." *Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc.*, 84 So. 3d 32, 39 (Miss. Ct. App. 2012) (citing *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989)). There are no allegations that Big River and its members have disregarded LLC formalities.[3] Therefore, there is no basis for piercing the corporate veil, and the individual defendants will not be held responsible for Big River's alleged liabilities.

This does not necessarily mean that the individual defendants are due to be dismissed. The above statute shields individuals from being held liable for the debts *of the LLC "solely by reason of being a member"* of said LLC. This statute does not shield members from personal liability for their own actions. *See Grand Legacy, LLP v. Gant*, 66 So. 3d 137, 147 (Miss. 2011) (noting that an LLC member could be personally liable for fraud if the member personally participated in making fraudulent representations to a third party). As Defendants have not shown that they cannot be held personally liable for their own actions under each of the theories Plaintiff has asserted, the motion to dismiss Hazlip and Kirkland is **denied**.

**D.     Preemption**

Finally, Defendants argue that Plaintiff's claim for fraud is preempted by the FLSA. The Fifth Circuit has not yet issued a published opinion regarding the extent to which the FLSA preempts state law claims, but several district courts within this circuit have ruled on this issue.

---

[3] While Plaintiff argues that he has alleged fraud and that this should be enough to pierce the corporate veil, "[a] successful veil-piercing claim must show each of the three *Gray* prongs." *Restaurant of Hattiesburg, LLC*, 84 So. 3d at 39 (citing *Gray*, 541 So. 2d 1047).

"Consistently, these courts [within the Fifth Circuit] have held that where the claim at issue is pled as an alternative cause of action for conduct that is addressed by the FLSA and for which the Act provides a remedy, the common law claim is preempted. On the other hand, where the state law affords a remedy for conduct not otherwise addressed by the FLSA, there is no preemption." *Newsom v. Carolina Logistics Servs., Inc.*, No. 2:11-cv-172-DCB-JMV, 2012 WL 3886127, at *3 (N.D. Miss. Sept. 6, 2012) (collecting cases) (claim for quantum meruit preempted because the right to such wages arises under FLSA) (internal citations omitted); *Guerrero v. JPMorgan Chase & Co.*, No. 6:09-cv-388, 2010 WL 245144, at *4 (E.D. Tex. Feb. 5, 2010) (claims for quantum meruit, breach of contract, and unjust enrichment preempted because they "were duplicative of the FLSA claim," not "wholly aside from or independent of the FLSA," and the FLSA "provides the exclusive remedy for violation of its mandates"); *Karna v. BP Corp. N. Am.*, 11 F. Supp. 3d 809, 816 (S.D. Tex. 2014) (no preemption when plaintiff's quantum meruit claim did not require establishing that employer violated the FLSA, as he was considered "exempt" and not subject to the statute's protection); *Washington v. Freds Stores of Tenn., Inc.*, 427 F. Supp. 2d 725, 729 (S.D. Miss. 2006) (state law negligence and conversion claims not preempted because they did not "directly overlap with the claim under FLSA"). A claim for fraud based on an employer's false statements regarding whether the plaintiff is entitled to overtime compensation is preempted by the FLSA. *Brand Energy Solutions, LLC v. Gilley*, No. 2:16-1025, 2017 WL 710951, at *3 (W.D. La. Feb. 22, 2017) (fraudulent statements related to whether employee was salaried and thus not entitled to overtime pay).

Plaintiff's claim for fraud is based on Defendants' representation that "he was a daily employee as opposed to an hourly employee and was not entitled to overtime pay." (Compl. ¶ 33). Plaintiff further alleges that Defendants had the intent to defraud Plaintiff "with respect to the

overtime benefits that he was entitled to and with the intent to induce plaintiff to not make any claim for such benefits." (*Id.*) To establish his claim, Plaintiff will have to show that the statements made to him were false, meaning he must prove that he was, in fact, entitled to overtime compensation. Furthermore, Plaintiff is entitled to such compensation *only if* he can prove his FLSA claim. Since Plaintiff's claim is not independent from his claim under the FLSA, it is preempted and must be dismissed. To the extent that Defendants request that the Court dismiss Plaintiff's claim for fraud based on preemption, it is **granted**.

## IV. Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that that Motion to Dismiss for Failure to State a Claim for Relief [29] is granted in part and denied in part. To the extent that the Motion requests that the Court dismiss any claims under the recordkeeping provision of the FLSA and the claim for fraud, it is **granted**. To the extent that the Motion requests that the court dismiss Defendants Hazlip and Kirkland, it is **denied**.

SO ORDERED AND ADJUDGED, on this, the 29th day of September, 2017.

*/s/ Keith Starrett*
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

7