IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KELVIN FOUNTAIN                                                                         PLAINTIFF

v.                                                             CIVIL ACTION NO. 5:16-CV-79-KS-MTP

BIG RIVER LUMBER COMPANY
LLC, et al.                                                                              DEFENDANTS

# ORDER

This matter is before the Court on Defendants' Motion in Limine to Exclude Inaccurate Reference to Plaintiff's Annual Compensation [40] and Motion in Limine to Exclude Evidence Outside of Discovery Disclosures [42]. After reviewing the submissions of the parties and the applicable law, the Court finds that both of Defendants' Motions [40] [42] are not well taken and should be **denied**.

## I. BACKGROUND

This case arises out of an employment dispute. Plaintiff has sued his former employer, Big River Lumber Company, LLC ("Big River") and two of its managers (collectively, "Defendants") alleging disparate treatment under Title VII for his termination in July 2015, a hostile work environment, and overtime violations under FLSA. In its previous Order [58], the Court permitted Defendants to file two motions in limine out of time to exclude evidence that Defendants were unaware of until the Pre-trial Conference on November 13, 2017.

## II. LAW & ANALYSIS

### A.   Defendants' First Motion in Limine [40]

At the Pre-trial Conference held on November 13, 2017, Plaintiff represented to the Court that his previous earnings totaled $61,000.00 while discussing damages. After the conference,

1

Defendants filed their first motion in limine, arguing that Plaintiff's W-2s show that he never earned more than $44,000 in a year. Further, they argue that Plaintiff has not disclosed any records that contradict his W-2s. Thus, according to Defendants, any reference to $61,000 as compensation should be excluded as it would lead to unfair prejudice, confuse the issues, and mislead the jury.

In response, Plaintiff argues that he is entitled to put on evidence regarding his damages, including back pay he is owed. Plaintiff further argues that his damages extend beyond the face amount on a W-2 and that he "is entitled to put on proof of his entitlement to damages, irrespective of the amount." Pl.'s Mem. Opp. Defs.' Mot. Lim. Exclude Inaccurate Reference to Pl.'s Annual Compensation 1, ECF No. 63. Plaintiff also argues that settlement discussions are not admissible under Rule 408 and that "Defendant's [sic] argument undermines the very concept of settlement negotiations." *Id.* at 2.[1]

Rule 401 of the Federal Rules of Evidence states: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice is defined as "an undue

---

[1] Rule 408, in relevant part, provides that "conduct or a statement made during compromise negotiation about the claim" is inadmissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a)(2). Defendants cite *Inline Connection Corp v. AOL Time Warner Inc.*, 470 F. Supp. 2d 435, 440 (D. Del. 2007) for the proposition that fraudulent statements in a settlement negotiation are not protected. This is an overstatement. The Court in *Inline* was referring to a situation described in the comment accompanying the 2006 amendment, "when compromise evidence is offered for a purpose *other* than to prove the validity, invalidity, or amount of a disputed claim." For example, such statements may be used to show: an insurer's bad faith, a party's intent with respect to the scope of a release, breach of the settlement agreement, and finally "when the claim is based upon a wrong that is committed during the course of settlement negotiations." In that case, Rule 408 does not apply "if offered to show that a party made fraudulent statements in order to settle a litigation." Therefore, the "fraud exception" would only apply if Defendants were suing Plaintiff for fraud committed during settlement negotiations. That is not this case. Further, Rule has since been amended to provide that statements during settlement negotiations cannot be used for impeachment purposes, which would include false and fraudulent statements.

tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." In this context, prejudice may result "from facts that arouse the jury's hostility or sympathy *without regard to the probative value of the evidence*." 1 McCormick on Evidence § 185 (7th ed. 2013) (emphasis added). "Second, whether or not 'emotional' reactions are at work, relevant evidence can confuse, or worse, mislead a trier of fact *who is not properly equipped to judge the probative worth of the evidence.*" *Id.* (emphasis added) (footnotes omitted).

Plaintiff's testimony that he made $61,000.00 a year while working at Big River is relevant, as the issue of Plaintiff's prior compensation has probative value to the amount of damages to which he may be entitled. Further, the likelihood of unfair prejudice is low, as there is nothing to suggest that the jury would base its findings on an improper basis or that it would disregard the probative value of Plaintiff's testimony. Defendants argue that the court should exclude such statements because they are "*blatantly false*," but determinations as to whether a testimony should be believed are for the jury. Defendants will have the opportunity to introduce the W-2 and contradict Plaintiff's testimony if he chooses to testify that he made $61,000.00 while working at Big River. The jury will then be able to decide what probative value to assign such testimony. The fact that a statement is contradicted by other evidence does not make it inadmissible under Rule 403. Furthermore, as a jury is familiar with a W-2, the jury is properly equipped to understand the probative value of testimony that is flatly contradicted by a W-2; therefore, there is no significant risk that the jury will be misled or confused. Therefore, Defendants' Motion [40] is **denied**.

    **B.**    **Defendants' Second Motion in Limine [42]**

In this Motion, Defendants ask that the Court exclude reference to evidence not previously disclosed in discovery. At the Pretrial Conference, Plaintiff stated that in support of his hostile work environment claim, he intended to testify that certain bathrooms were for white employees

only and that whenever black employees attempted to warm themselves around the fire barrel, the fire would be put out. It is uncontested that this was the first time Defendants received notice that Plaintiff intended to testify to such.

Rule 37(c) of the Federal Rules of Civil Procure states: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Thus, in order for evidence to be excluded for failure to disclose, there must have first been a duty to disclose under Rule 26(a) or (e). Rule 26(e) requires that a party who has responded to an interrogatory or request for production must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." When deciding whether to exclude evidence not properly designated, a court must consider four factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *Gierserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

For the first factor, Plaintiff argues that the testimony was not disclosed because it did not fall within any of the Defendants' discovery requests and Defendants never deposed Plaintiff; therefore, Plaintiff had no reason to disclose. The discovery request at issue, an interrogatory,[2] reads as follows:

---

[2] Defendants also argue that Plaintiff's testimony was responsive to their Request for Production of Documents Number 2: "Produce all documents or other evidence you have which the allegation Paragraph 18 of your Complaint, that you '[w]orked in a racially charged environment where white employees were treated better and African American employees were subject to the use of racial epithets and disparate treatment.'" Ex. 2 to Defs.' Mot. Lim. Exclude Evid.

4

> INTERROGATORY NUMBER 9: Please state, in all detail, why you believe that your termination in July of 2015 by Big River Lumber Company, LLC was unlawful.
>
> RESPONSE NUMBER 9: I believe that my termination in July of 20145 [sic] was unlawful because, of racism due to the fact that other employees that were white had been off because of injuries and did not get fired and was allowed the time they needed off, while being compensated. And because I would not go to the lawyer they wanted me too [sic].

The interrogatory asks for support for Plaintiff's unlawful termination claim under Title VII. It does not ask about Plaintiff's hostile work environment claim.[3] Indeed, Plaintiff has never argued that the alleged bathroom and fire barrel practices were the reason he was terminated. While Defendants argue that Plaintiff's response was "willfully evasive," the Court disagrees. Of course, a party must be candid, responsive, and not "hide the ball" in discovery. Yet, under the discovery system, in order to receive information, a party typically must ask for it. Here, Defendants never asked Plaintiff about the hostile work environment claim, nor did they depose Plaintiff; therefore, Plaintiff's lack of disclosure is justified.

As to the second factor, the evidence is probative as to whether Plaintiff suffered from a hostile work environment. It also appears to be the only evidence that Plaintiff has to support that claim. The third factor also weighs in Plaintiff's favor, as any prejudice to Defendants is the result of their decision not to propound an interrogatory regarding Plaintiff's hostile work environment

---

Outside Disc. Disclosures 1, ECF No. 42-2. Plaintiff responded that he had no such documents. *Id.* at 2. As this was Request for Production of Documents, it is obviously meant to refer to documents or other tangible evidence. Defendants do not contend that Plaintiff has withheld any documents or other tangible evidence, so this argument is without merit.

[3] Defendants argue that it is a reversible error to admit "substantive" evidence of which there was no prior disclosure during discovery. Mem. Supp. Defs.' Mot Lim. Exclude Evid. Outside Disc. Disclosures 4, ECF No. 43 (citing *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir.) *reh'g denied & opin. clarified*, 3 F.2d 123 (5th Cir. 1993)). *Chiasson* does not support their arguments for two reasons. First, *Chiasson* distinguishes between substantive and impeachment evidence because of a Pre-Trial Notice that stated that "[i]f a party considers he has good cause not to disclose exhibits to be used *solely for the purpose of impeachment*, he may request a conference with the Court and make his position known to the Court in camera." *Chiasson*, 988 F.2d at 515. The Fifth Circuit then ruled that the undisclosed evidence was substantive—thus, not for the sole purpose of impeachment—and not within that local exception. There is no blanket rule that all substantive evidence must be disclosed. Second, unlike this case, *Chiasson* dealt with evidence that fell directly within the scope of an interrogatory. There, Plaintiff asked if Defendant had any videos or pictures of Plaintiff. *Id.* at 514. Defendant responded that it did not have any. *Id.* It then later tried to admit surveillance pictures of Plaintiff. *Id.*

claim and not to depose Plaintiff. Finally, with trial in eleven (11) days, a continuance is not warranted. *Geiserman*, 893 F.2d at 792.

Defendants finally argue that the testimony should be excluded under Rule 403. As noted above, a Rule 403 motion requests that evidence be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Unfair prejudice refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one." Advisory Committee Notes to Fed. R. Evid. 403 (1972). A court must also consider the probable effectiveness of a limiting instruction. *Id.* Defendants' vaguely argue "a limiting instruction could not effectively prevent jurors from considering these statements when determining the issue of whether Defendant participated in unlawful discriminatory practices." Mem. Supp. Defs.' Mot. Lim. Exclude Evid. Outside Disc. Disclosures 5, ECF No. 43. Testimony concerning racial epithets and racially discriminatory practices in restrooms and the fire barrel are very relevant to a claim for racially hostile work environment. The probative value of these statements outweigh the likelihood that a jury will be enflamed and disregard any limiting instruction, as such evidence is necessary to prove a claim of racial discrimination. The Motion [42] will also be **denied**.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that Defendants' Motion in Limine to Exclude Inaccurate Reference to Plaintiff's Annual Compensation [40] and Motion in Limine to Exclude Evidence Outside of Discovery Disclosures [42] are both **denied**.

SO ORDERED AND ADJUDGED, on this, the 12th day of January, 2018.

                                              */s/ Keith Starrett*
                                              KEITH STARRETT
                                              UNITED STATES DISTRICT JUDGE